UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANA MARSH and APRIL BRITT,

    Plaintiffs,
v().                                            CASE NO.: 2:12-cv-105-UA-SPC

HENDRY COUNTY SHERIFF'S OFFICE,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of the Settlement and Dismissal of Action with Prejudice (Doc. # 17), which was filed on July 13, 2012. For the reasons that follow, the Court grants the motion and dismisses this case with prejudice.

**I.   Background**

Plaintiffs filed their Complaint against Defendant on February 27, 2012, alleging that Defendant failed to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. (Doc. # 1). Defendant filed an Answer and Affirmative Defenses on April 10, 2012. (Doc. # 5). The Court entered its FLSA Scheduling Order on April 13, 2012. (Doc. # 6). The parties notified the Court that they reached a settlement on June 28, 2012 (Doc. # 15) and filed a Motion for Court Approval of the Settlement on July 13, 2012. (Doc. # 17).

**II. Analysis**

Plaintiffs allege that Defendant violated the terms of the Fair Labor Standards Act.  Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Here, the parties have reached a settlement wherein it is agreed that Plaintiff Britt will receive $1,947.12 for unpaid wages and liquidated damages, Plaintiff Marsh will receive $1,412.26 for unpaid wages and liquidated damages, and Plaintiffs' counsel will receive $3,800.00 for attorneys' fees and costs.

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009).  There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.  FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.  To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

2

This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Upon due consideration of the aforementioned authorities, as well as the oft-cited factors set forth in Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974), the Court determines that the settlement reached is fair and reasonable.  The issue of attorneys' fees was negotiated separately from the merits of Plaintiff's unpaid wages.  Further, Defendant agrees to the amount requested and the parties represent that "[t]he settlement provides that Defendant will pay Plaintiffs their full unpaid overtime and liquidated damages, representing a 100% uncompromised recovery." (Doc. # 17 at 2).

Accordingly, the Court approves the settlement reached by the parties in an effort to amicably conclude this case.  The settlement is a fair and reasonable resolution of the parties' dispute, and the case is dismissed with prejudice.

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that:

(1) The Joint Motion for Approval of the Settlement and Dismissal of Action with Prejudice (Doc. # 17) is **GRANTED**.

(2) The parties' settlement is approved. This case is dismissed with prejudice.

(3) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>16th</u> day of July 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record